# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LISA CARSON MOORE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-1036 (RMC) |
| UNITED STATES OF AMERICA | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Lisa Moore was a pedestrian crossing a street in the District of Columbia when she was stuck by a car driven by a United States Marshals Service employee. She has sued to recover for her damages and the United States has advanced an affirmative defense of contributory negligence. Ms. Moore moves to strike the affirmative defense, arguing that it is no longer available under the Motor Vehicle Collision Recovery Act of 2016 (MVCRA), D.C. Code § 50-2204.51, *et seq.*, and that, as pled, the affirmative defense fails to satisfy the heightened pleading standard that D.C. requires. The United States responds that the MVCRA does not apply retroactively, and that even if it did, discovery will likely demonstrate that Ms. Moore was more than 50% negligent, which would bar her recovery under the MVCRA. The motion is now ripe for decision.

## I. BACKGROUND

On December 29, 2014, Ms. Moore was struck by a United States Marshals Service vehicle operated by employee Willard Thomas King while Ms. Moore was crossing the street in the vicinity of 3rd and E streets, Northwest, in Washington, D.C. Thereafter, D.C. adopted the MVCRA, which became effective on November 26, 2016. *See* D.C. Law 21-167,

1

Act 21-490 (2016). The statute shifts D.C. law from a contributory to a comparative negligence regime for collisions between automobiles and pedestrians, bicyclists, and other non-motorized users of public streets, such as skateboards. On May 31, 2017, Ms. Moore filed a complaint comprising claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, and alleging that she sustained bodily injury, pain and suffering, lost wages, medical expenses, and other damages as a result of Mr. King's negligence. Compl. [Dkt. 1]. In its Answer, filed on September 27, 2017, the United States pled the affirmative defense of contributory negligence, alleging that Ms. Moore was not lawfully crossing the street at the time of the incident and denying that Mr. King was negligent in any way. Answer [Dkt. 7] at 1, 3. Ms. Moore moved to strike the affirmative defense on October 11, 2017. She argues that the Court should apply the MVCRA retroactively and bar the government's affirmative defense. She also challenges the adequacy of the affirmative defense as pled to meet a heightened pleading standard required in D.C.[1]

## II. LEGAL STANDARD

"The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." *Gates v. District of Columbia*, 825 F. Supp. 2d 168, 169 (D.D.C. 2011). An insufficient defense might be stricken, Fed. R. Civ. P. 12(f), as might inadequate affirmative defenses brought under Rule 8(c). Fed. R. Civ. P. 8(c). However, motions to strike are a drastic remedy that courts disfavor. *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005); *see also Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (citation omitted) ("[M]otions to strike, as a general rule, are disfavored."). In

---

[1] The parties' briefs are found on the docket: Pl.'s Mot. to Strike Def.'s Contributory Negligence Defense (Mot.) [Dkt. 9]; and Def.'s Opp'n to Pl.'s Mot. to Strike Def.'s Contributory Negligence Defense (Opp'n) [Dkt. 12].

considering a motion to strike, courts will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denial of the motion to strike. *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003) (citations omitted).

### III. ANALYSIS

Ms. Moore alleges that the driver was negligent when he hit her and the government answers that her contributory negligence also caused the incident. Before the MVCRA, a victim's contributory negligence resulting in injury would result in no recovery. Thus, if a plaintiff contributed to the accident in any way, she would not be entitled to any damages. The MVCRA introduced a comparative negligence standard for accidents involving motor vehicles and pedestrians, bicyclists, and persons on non-motorized vehicles. In such accidents, the fact finder compares the faults of all who contributed to an accident and allocates damages among them. As long as a plaintiff is 50% or less at fault, she can now recover something in damages. In seeking to strike the government's affirmative defense, Ms. Moore argues that D.C. law no longer recognizes contributory negligence in an accident in which a car strikes a pedestrian and that the MVCRA, which became effective on November 26, 2016, should apply retroactively to preclude the defense arising from her injuries on December 29, 2014.

#### A. Retroactive Application of the MCVRA

Ms. Moore has some precedent upon which she bases her argument for retroactivity. She notes a 1975 decision in which the Supreme Court of the State of Washington applied the Washington comparative negligence statute "retrospectively to causes of action having arisen prior to the statute's effective date of April 1, 1974, but in which trials have begun subsequent thereto." *Godfrey v. State*, 84 Wash. 2d 959, 961 (1975). Ms. Moore urges this Court to use *Godfrey* as a guidepost in its retroactivity analysis; that is, this Court should apply

3

the MVCRA to events before its passage because: (1) the local law is procedural and remedial and, therefore, its retroactivity would not offend due process because it would alter only recovery and not liability; and (2) the legislative purpose behind MVCRA was to end the bar to recovery effected by contributory negligence; a solely prospective application would subvert its purpose by allowing defendants to plead contributory negligence for years to come.

*Godfrey* is an interesting case in which the Supreme Court of the State of Washington found that it had given retroactive application to "those statutes which relate to practice, procedure or remedies and do not affect a contractual or vested right . . . or do not impose a penalty." *Id.* at 961. The Washington Supreme Court also held "that there is no vested right to a common-law bar to recovery that is provided by the affirmative defense of contributory negligence." *Id.* at 962. That court distinguished statutory rights from common law rights in this regard. *Id.* at 963. It is, at best, very unclear that the D.C. Court of Appeals would follow the lead of the Washington Supreme Court or that the City Council and government would expect it to do so with no signal or legislation on point. To the contrary, the District of Columbia Court of Appeals has closely applied the common law of negligence—to and including last clear chance—as the governing principles in this City. This Court is loath to take a position on the application of local law which is not supported by legislative history and seems foreign to the approach of the local courts.

Notably, the *Godfrey* decision is not binding on this Court and does not alter the principle that "[i]n general, courts presume that a law does not apply retroactively unless it is sufficiently clear that the legislature intended to give the statute retroactive effect." *Casey v. McDonald's Corporation*, 880 F.3d 564, 570 (D.C. Cir. 2018). This presumption "stems from bedrock rule of law values that counsel against retroactive application of new laws." *Metroil,*

4

*Inc. v. ExxonMobil Oil Corp.*, 672 F.3d 1108, 1113 (D.C. Cir. 2012). The District of Columbia Court of Appeals has similarly held that "statutes are to be construed as having only a prospective operation, unless there is a clear legislative showing that they are to be given a retroactive or retrospective effect." *Bank of Am., N.A. v. Griffin*, 2 A.3d 1070, 1074 (D.C. 2010). The statute at issue here is clearly governed by this holding as it is part of the D.C. Code.

Ms. Moore seeks to avoid these opinions, arguing that the MVCRA can be given retroactive effect without "offend[ing] principles of due process because the implications relate to practice, procedure, or remedies and do not affect a contractual or vested right." Mot. at 3 (citing *Godfrey*, 84 Wash. 2d at 963). The government responds that retroactive application of the MVCRA would "create new legal consequences by altering Defendant's common law, affirmative defense to negligence by imposing liability if Plaintiff's negligence failed to meet the strict requirements of the MVCRA." Opp'n at 5-6. However, at this juncture the Court need not decide whether the change in D.C. negligence law for automobile/pedestrian accidents implicates substantive or merely procedural rights. It is undisputed that the MVCRA took effect on November 26, 2016, almost two years after the accident in question. Plaintiff urges retroactive application to her case, but has not made the necessary showing of clear legislative intent to that effect.

State courts, and federal courts applying state law, have generally held that comparative negligence statutes are not retroactive absent a definitive expression by the legislature. *See, e.g., Hunt v. Sun Valley Co., Inc.*, 561 F.2d 744 (9th Cir. 1977) (applying Idaho law and declining to apply retroactively a statute which was enacted prior to, but did not take effect until after, the incident in question); *Crutsinger v. Hess*, 408 F. Supp. 548 (D. Kan. 1976) (applying Kansas law and holding that "[t]he plaintiff's cause of action here arose before the

comparative negligence statute . . . became effective, and his right to recover must therefore be gauged by the standards of the prior law"); *Conley v. American Motors Corp.*, 769 S.W.2d 75 (Ky. Ct. App. 1989) (declining to apply comparative negligence statute retroactively where "[statute] was not granted expressed retroactive application as is required by the legislature"); *Hyde v. Chevron, U.S.A., Inc.*, 697 F.2d 614, 628-29 (5th Cir. 1978) (holding that Louisiana's comparative negligence statute does not apply retroactively). If the City Council intended the MVCRA to apply retroactively, it could easily have included language to that effect. The D.C. government was one of the most recent adopters of a comparative negligence statute and the Council had the benefit of decades of analogous statutes in other jurisdictions to inform its work.[2] The lack of retroactive applicability language in the statute deflates Ms. Moore's argument on legislative intent. This Court finds that the MVCRA does not apply retroactively to Plaintiff's suit and Defendant is not precluded from raising an affirmative defense of contributory negligence under pre-MVCRA law.

### B. Pleading Standard

Ms. Moore further challenges the adequacy with which the government has plead its affirmative defense of contributory negligence as inconsistent with the heightened pleading standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). She asks that the affirmative defense be stricken.

---

[2] As of 2001, only four states and the District of Columbia had preserved the common law bar to comparative negligence. Georgia, Mississippi, Wisconsin, South Dakota, Nebraska, Arkansas, Montana, New York, Pennsylvania, Ohio, Louisiana, Iowa, Indiana, Arizona, and Delaware, among others, have enacted comparative negligence legislation, while other states have transitioned through judicial adoption. *See* 1-1 Victor E. Schwartz, Comparative Negligence § 1.05(e)(3) (5th ed. 2010).

*Twombly* and *Iqbal* set a "plausibility" standard by which federal courts examine whether a complaint should be dismissed for inadequacy of the pleading. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. It is a matter of some debate as to whether the *Twombly/Iqbal* standard applies to affirmative defenses. Two judges in this district have considered the issue and found that *Twombly* and *Iqbal* do not apply to affirmative defenses. *See Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d 189, 190 (D.D.C. 2012) (detailing reasons weighing against application of *Twombly*'s analysis of pleading requirements to affirmative defenses); *Malibu Media, LLC v. Parsons*, No. 12-1331, 2013 WL 12324463, at *3 (D.D.C. May 31, 2013) (accepting the analysis in *Paleteria*). This Court agrees.

Instead, the Court will examine the government's affirmative defense of contributory negligence under the traditional notice standard set by Rule 8(c). The purpose of the Rule is to "give the opposing party notice of the defense and to permit the opposing party to develop in discovery and present both evidence and argument before the district court responsive to the defense." *Rhodes v. United States*, 967 F. Supp. 2d 246, 252 (D.D.C. 2013); *see also Lenkiewicz v. Castro*, 145 F. Supp. 3d 140, 145 (2015) (finding sufficient notice to plaintiff where affirmative defense was referenced in interrogatories and depositions). In its answer, Defendant asserts its affirmative defense of contributory negligence in one sentence. In this district, that sentence suffices. *See Paleteria*, 905 F. Supp. 2d at 189 (finding sufficient the "common practice" of presenting each affirmative defense in a single sentence). Plaintiff contends that "Defendant fails to provide any facts as to how Plaintiff may have been negligent in this matter." Mot. at 6. In fact, Defendant also answers that Plaintiff was not crossing the street lawfully at the time of the incident. Answer at 3. This additional information stifles any potential doubt as to the sufficiency of the affirmative defense as pled. Discovery provides the

proper avenue for further investigation into the claims and affirmative defenses raised, at which time the Court may determine the sufficiency of both. *See Paleteria*, 905 F. Supp. 2d at 192-93. Consequently, the Court will deny Plaintiff's request to strike the affirmative defense of contributory negligence for lack of sufficient pleading.

## IV. CONCLUSION

The Court finds that the MVCRA does not apply retroactively to Plaintiff's negligence claim, and that Defendant sufficiently raised the affirmative defense of contributory negligence to survive a motion to strike. The Court will deny Plaintiff's Motion to Strike Defendant's Contributory Negligence Defense. A memorializing Order accompanies this Memorandum Opinion.

Date: July 18, 2018                                /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge